WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza, Suite 730
Newark, New Jersey 07102
(973) 848-7676
Melissa Steedle Bogad

*Attorneys for Sberbank of Russia*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Honorable William J. Martini, U.S.D.J. |
| Plaintiff, | : |
| | : Civil Action No. 15 CV 6442 (WJM) (MF) |
| v. | : |
| | : |
| $1,879,991.64 PREVIOUSLY CONTAINED IN SBERBANK OF RUSSIA'S INTERBANK OR CORRESPONDENT BANK ACCOUNT NUMBERS 0004403077 AND 0004169401, HELD AT DEUTSCHE BANK TRUST COMPANY AMERICAS. | : **Electronically Filed** |
| | : |
| | : **Return Date:  January 19, 2016** |
| | : |
| | : |
| | : |
| | : |
| | : |
| Defendant *in rem*. | : |

## SBERBANK OF RUSSIA'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO STAY

**OF COUNSEL**
Gerald L. Shargel
Ross M. Kramer
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700

WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza, Suite 730
Newark, NJ 07102
(973) 848-7676
Melissa Steedle Bogad

*Attorneys for Sberbank of Russia*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

STATEMENT OF FACTS ................................................................................................ 2

LEGAL STANDARD ........................................................................................................ 5

ARGUMENT ..................................................................................................................... 6

CONCLUSION ................................................................................................................ 10

## **TABLE OF AUTHORITIES**

### **CASES**

Bechtel Corp. v. Local 215, Laborers' Int'l Union, 544 F.2d 1207 (3d Cir. 1976).........................5

Gaughen v. United States, No. 09 CV 2488, 2010 WL 3222815106 (M.D. Pa. Aug. 16, 2010)..10

Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53 (E.D. Pa. 1980) 6

Gunduz v. U.S. Citizenship and Immigration Servs., No. 07-780, 2007 WL 4343246 (W.D. Pa. Dec. 11, 2007).......................................................................................................................6

Hicks v. Swanhart, Civ. No 12-1633, 2012 WL 6152901 (D.N.J. Dec. 10, 2012) .....................7, 9

Landis v. North American Co., 299 U.S. 248 (1936) ....................................................................5

McDonald v. Novartis Pharmaceuticals Corp., Civ. No. 07-655, 2007 WL 4191750 (D.N.J. Nov. 20, 2007) ........................................................................................................................9

Morgenstern v. Fox Television Stations of Phila., No. 08–0562, 2010 WL 678113 (E.D. Pa. Feb. 23, 2010) ........................................................................................................................6

Resco Products, Inc. v. Bosai Minerals Group Co., Ltd., No. 06 Civ. 235, 2010 WL 2331069 (W.D. Pa. June 4, 2010)...............................................................................................5, 6, 7, 8

Smithkline Beecham Corp. v. Apotex Corp., No. 99 Civ. 4304, 2004 WL 1615307 (E.D. Pa. July 16, 2004) ................................................................................................................5, 6, 7, 9

United States ex rel. FLFMC, LLC v. William Bounds, Ltd., Civ. No. 10-0420, 2010 WL 2990725 (W.D. Pa. July 28, 2010)..................................................................................6, 7, 8

United States v. Perez, No. 03-552-01, 2007 WL 2768876 (E.D. Pa. Sept. 24, 2007) .................10

### **STATUTES AND RULES**

18 U.S.C. § 981(k) .........................................................................................................................8

18 U.S.C. § 981(k)(1)(A)....................................................................................................... *passim*

18 U.S.C. § 981(k)(1)(B) ....................................................................................................... *passim*

18 U.S.C. § 981(k)(4)(A) ...............................................................................................................2

18 U.S.C. § 984(c)(2)(B) ...............................................................................................................2

ii

This Memorandum of Law is respectfully submitted in support of Sberbank of Russia's motion to stay proceedings on the Verified Complaint for Forfeiture *In Rem*, filed by the United States on August 27, 2015 ("Complaint"), until such time as the United States Department of Justice resolves Sberbank's Petition to terminate forfeiture, filed on February 17, 2015 ("Petition").  Correspondingly, the Department of Justice should be ordered to resolve Sberbank's Petition within 30 days.

In June 2014, the United States seized more than $1.8 million from Sberbank's interbank accounts under a provision of the USA PATRIOT Act.  See 18 U.S.C. § 981(k)(1)(A).  In February 2015, Sberbank initiated an administrative challenge to that seizure by filing a Petition for termination of forfeiture.  See 18 U.S.C. § 981(k)(1)(B).  It is now *nearly ten months later*, and the Petition remains pending – despite having a Department of Justice Senior Trial Attorney assigned to review it.  And, the United States has now commenced judicial forfeiture proceedings, without resolving a Petition that could render those proceedings moot.

We respectfully submit that judicial forfeiture proceedings on the Complaint should be stayed until such time as the Department of Justice resolves Sberbank's Petition.  If the Petition is granted – and we maintain that it should be – forfeiture would be terminated and no further proceedings on the Complaint would be necessary.  A stay would cause no harm to the United States, because it has already seized and is holding the funds at issue; they cannot be dissipated. And, a stay would allow Sberbank to save substantial time, effort and resources by halting a discovery process that should ultimately prove unnecessary.  A stay would also conserve judicial resources, as no further proceedings would be necessary if forfeiture is terminated through the Petition process.

Ordering the Department of Justice to resolve the Petition within 30 days would further ensure that a stay would be brief and finite. It would also enforce Sberbank's statutory right to petition for termination of forfeiture – and to have that petition reviewed and resolved within a reasonable period of time.

## STATEMENT OF FACTS

On or about June 26, 2014, the United States seized $1,879,991.64 previously contained in Sberbank's interbank or correspondent bank accounts held at Deutsche Bank.

At the time, Sberbank was not provided with any documentation in support of the seizure. Sberbank was informed by Deutsche Bank that the seizure was carried out by the United States Attorney's Office for the District of New Jersey, through Assistant United States Attorney Peter W. Gaeta. When contacted, AUSA Gaeta informed Sberbank that the funds had been seized pursuant to 18 U.S.C. § 981(k)(1)(A), and that the seizure was based on alleged money laundering by an individual named Alexander Brazhnikov, Jr.

Section 981(k)(1)(A), a provision of the USA PATRIOT Act, states that "if funds are deposited into an account at a foreign financial institution … , and that foreign financial institution … has an interbank account in the United States," the United States may seize "funds in the interbank account, up to the value of the funds deposited into the account at the foreign financial institution." 18 U.S.C. § 981(k)(1)(A).[1]

On February 17, 2015, Sberbank filed a Petition to terminate forfeiture of the money seized from Sberbank's interbank accounts, pursuant to 18 U.S.C. § 981(k)(1)(B). (See Dec. of Ross M. Kramer ("Kramer Decl.") Exhibit A.) Section 981(k)(1)(B) provides a direct route to

---

[1] As defined in 18 U.S.C. § 984(c)(2)(B), "the term 'interbank account' means an account held by one financial institution at another financial institution primarily for the purpose of facilitating customer transactions." See 18 U.S.C. § 984(c)(2)(B); 18 U.S.C. § 981(k)(4)(A).

2

administrative relief in connection with a government seizure from an interbank account under Section 981(k)(1)(A).  Section 981(k)(1)(B) provides:

> The Attorney General, in consultation with the Secretary of the Treasury, may suspend or terminate a forfeiture under this section if the Attorney General determines that a conflict of law exists between the laws of the jurisdiction in which the foreign financial institution … is located and the laws of the United States with respect to liabilities arising from the restraint, seizure, or arrest of such funds, and that such suspension or termination would be in the interest of justice and would not harm the national interests of the United States.

In its Petition, Sberbank argued that termination of forfeiture is appropriate in this case because all of the requirements of Section 981(k)(1)(B) are met.  (See Kramer Decl. Exhibit A.)  As set forth in the Petition, Sberbank argued that this case fits squarely within the statute's "conflict of law" standard; termination of the seizure would be in the interest of justice; and termination would only further the interests of the United States.  (See id.)

In March of 2015, counsel for Sberbank learned that the Petition had been assigned by the Attorney General to the Asset Forfeiture & Money Laundering Section of the United States Department of Justice, Criminal Division ("AFMLS").  (See Kramer Decl. ¶ 9.)  Throughout April and May of 2015, counsel reached out to attorneys at AFMLS in an effort to ascertain when the Petition would be reviewed and resolved, and whether Sberbank could provide additional information in support of the Petition.  (See Kramer Decl. ¶ 10.)  Counsel for Sberbank spoke with a number of AFMLS attorneys, including Matthew Colon, Alycia Prioleau and Michael Burke.  (See Kramer Decl. ¶ 11.)  Each promised to provide an update on the status of the Petition, but none did.  (See Kramer Decl. ¶ 12.)  Numerous phone calls went unreturned, and emails were sent to each of these attorneys without substantive response.  (See Kramer Decl. ¶ 13.)  It was ultimately recommended by Mr. Burke that counsel reach out to a fourth AFMLS attorney, Senior Trial Attorney Teresa C. Turner-Jones, who had been assigned to review the

3

Petition.  (See Kramer Decl. ¶ 14.)  Counsel did so, but at that time Ms. Turner-Jones did not return the phone messages that were left.  (See Kramer Decl. ¶ 15.)

On June 3, 2015, frustrated with the lack of an update on the status of the Petition, Sberbank sent a letter to Attorney General Loretta E. Lynch.  (See Kramer Decl. Exhibit B.)

On June 9, 2015, counsel for Sberbank received a letter from Ms. Turner-Jones.  (See Kramer Decl. Exhibit C.)  The letter stated that AFMLS was "considering" Sberbank's Petition.  (Id.)  "To aid in AFMLS' review" of the Petition, the letter requested that Sberbank provide "the relevant Russian law and English translations of these Provisions[.]"  (Id.)

On June 25, 2015, Sberbank provided the requested Russian statutes with English translations.  (See Kramer Decl. Exhibit D.)

On August 5, 2015, Ms. Turner-Jones sent an email to Sberbank's counsel stating that AFMLS "received the additional information (translations) that you provided, and we are still evaluating your client's petition.  We hope to have a response to you shortly."  (See Kramer Decl. Exhibit E.)  Over the following weeks, counsel for Sberbank called and emailed Ms. Turner-Jones for additional updates on the status of the Petition.  Ms. Turner-Jones never responded.  (See Kramer Decl. ¶ 16.)

On August 27, 2015, the United States filed a Complaint seeking judicial forfeiture of the money seized from Sberbank's interbank accounts.  (See Docket Entry #1, dated August 27, 2015.)

On December 2, 2015, the United States served Special Interrogatories upon Sberbank.  (See Kramer Decl. Exhibit F.)

Magistrate Judge Falk held a telephone conference with counsel for the parties on December 8, 2015.  On that call, Judge Falk indicated that the due date for Sberbank's responses

4

to the Special Interrogatories would be held in abeyance until Sberbank's motion to stay proceedings on the Complaint is resolved. Counsel for Sberbank later confirmed that understanding in an email to AUSA Gaeta.

## **LEGAL STANDARD**

"The United States Court of Appeals for the Third Circuit has held that a district court has broad power to stay proceedings." Resco Products, Inc. v. Bosai Minerals Group Co., Ltd., No. 06 Civ. 235, 2010 WL 2331069, at *4 (W.D. Pa. June 4, 2010) (citing Bechtel Corp. v. Local 215, Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976), regarding "deference to the trial court's discretionary power to grant a stay"). "The 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Resco Products, 2010 WL 2331069, at *4 (quoting Landis v. North American Co., 299 U.S. 248, 254 (1936) (Cardozo, J.)); Smithkline Beecham Corp. v. Apotex Corp., No. 99 Civ. 4304, 2004 WL 1615307, at *7 (E.D. Pa. July 16, 2004).

"Before exercising the power to stay proceedings, a court must weigh competing interests and maintain an even balance." Resco Products, 2010 WL 2331069, at *4 (quoting Landis v. North American Co., 299 U.S. 248, 255). "Courts within the Third Circuit have weighed the competing interests of the parties in deciding whether to exercise the power to stay proceedings." Resco Products, 2010 WL 2331069, at *4. "Tellingly, courts have stayed proceedings in numerous cases where another pending action contained similar questions of fact or law." Id. (collecting cases).

"Several courts have identified the competing interests as: (1) the length of the stay; (2) the balance of harm to the parties; and (3) whether a stay will simplify issues and promote

judicial economy." Id. at *5 (citing Gunduz v. U.S. Citizenship and Immigration Servs., No. 07-780, 2007 WL 4343246, at *1 (W.D. Pa. Dec. 11, 2007); Smithkline, 2004 WL 1615307, at *7)). "Other courts have recognized five factors relevant to the balancing analysis: (1) The interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil ... litigation." Resco Products, 2010 WL 2331069, at *5 (citing Morgenstern v. Fox Television Stations of Phila., No. 08–0562, 2010 WL 678113, at *1-2 (E.D. Pa. Feb. 23, 2010); Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D. Pa. 1980)).

## ARGUMENT

A stay is warranted in this case. Each of the factors set forth above weighs in favor of granting a stay of limited duration, until such time as the Department of Justice has resolved Sberbank's Petition.

First, there is no potential prejudice to the United States. The United States seized the funds at issue from Sberbank's interbank accounts in June of 2014. The United States has held those funds ever since. Accordingly, there is no risk of the funds dissipating if a stay is granted. See United States ex rel. FLFMC, LLC v. William Bounds, Ltd., Civ. No. 10-0420, 2010 WL 2990725, at *2 (W.D. Pa. July 28, 2010) (only potential prejudice to plaintiff "would be a delay in receiving an award"). Further, the United States has demonstrated no particular interest in "proceeding expeditiously" with this litigation. The United States seized the funds at issue in June of 2014, but the Complaint was not filed until August of 2015, more than a year later.

And, the United States cannot reasonably contend that it may be subject to undue prejudice from a delay. Both the United States Attorney's Office for the District of New Jersey and AFMLS are parts of the same governmental entity: the United States Department of Justice. The Department of Justice exclusively controls the timing of the review and resolution of Sberbank's Petition. Any delay (by AFMLS) in responding to the Petition is attributable to AUSA Gaeta's own colleagues within DOJ.

Second, a stay could alleviate a substantial burden on Sberbank. If a stay is issued and the Petition is resolved in Sberbank's favor, there would be no need for further judicial forfeiture proceedings. Therefore, a stay could protect Sberbank from having to incur significant – and potentially unnecessary – litigation expenses. See Hicks v. Swanhart, Civ. No 12-1633, 2012 WL 6152901, at *3 (D.N.J. Dec. 10, 2012) ("The Court finds that not granting the stay would prejudice Defendants by causing them to incur litigation expenses on exploring issues that the appellate decision will undoubtedly narrow."); Resco Products, 2010 WL 2331069 at *7 ("The court agrees with defendants' position that substantial time, effort, and resources may be saved by exercising the court's broad power to hold this case in abeyance … It does not comport with fairness or economy to allow the parties further discovery at this stage in the case, when the court believes such efforts could soon be proven wasteful."); Smithkline, 2004 WL 1615307, at *9 ("the stay will likely have avoided potentially unnecessary discovery"); FLFMC, LLC, 2010 WL 2990725, at *2 ("averred hardships and burdens" of litigation on defendant "outweigh any prejudice [plaintiff] may suffer from a stay of the proceedings.").

Third, granting a stay would plainly favor the "convenience of the court" and the most "efficient use of judicial resources." We maintain that Sberbank's Petition is meritorious and should be granted. Indeed, the circumstances of this case fit *precisely* within the standard set

7

forth in Section 981(k)(1)(B).  There is a direct "conflict of law," because Russian law prevents Sberbank from: (a) disclosing customer account information to defend itself against a seizure under Section 981(k)(1)(A); and (b) refusing a customer the right to withdraw or transfer funds held in a Sberbank account, or recouping any losses caused by a seizure of funds from an interbank account, meaning that Sberbank is ultimately forced to bear the cost of the seizure (and not any depositor).[2]  Further, Sberbank is an innocent owner without involvement in or knowledge of any wrongdoing, and therefore termination of the seizure would be in the interest of justice.  And, termination would only further the interests of the United States.  Sberbank is the largest bank in Russia, and one of the largest banks in the world; this is exactly the type of foreign financial institution with which the United States should be fostering a positive relationship.  If the Petition is granted on these grounds – and we maintain that it should be – judicial forfeiture proceedings would be rendered moot.  This would save substantial judicial resources.  See FLFMC, LLC, 2010 WL 2990725, at *2 ("A stay will promote judicial economy because the outcome of [related case] could be dispositive of the present matter."); Resco Products, 2010 WL 2331069, at *7 (considering burden on court from "lengthy and complicated" pretrial discovery proceedings).

      Fourth, there are no other parties to this litigation who could be affected by a stay.

      Fifth, the public interest would be favored by the granting of a stay.  The right to petition the Attorney General for termination of forfeiture is written directly into the USA PATRIOT Act.  In many cases (because of the broad powers conferred on the government under 18 U.S.C.

---

[2]  The government's Special Interrogatories demonstrate precisely why a "conflict of law" prevents Sberbank from fully and fairly litigating this case.  Special Interrogatories 8-12 request account information that Sberbank is expressly prohibited from revealing under Russian law.  (See Kramer Decl. Exhibit F.)  Section 981(k)(1)(B) appears to contemplate precisely this type of case, and allows for termination of forfeiture via Petition under these circumstances.

8

§ 981(k)) a petition to terminate forfeiture under Section 981(k)(1)(B) may be the only relief available for foreign financial institutions whose funds have been seized by the United States. The Department of Justice should not be permitted to simply refuse to resolve petitions filed under Section 981(k)(1)(B).  If the United States seeks to avail itself of the seizure power written into Section 981(k)(1)(A), then it should be compelled to comply with the remedial provisions written into Section 981(k)(1)(B).  Certainly, the Department of Justice should not be permitted to refuse to resolve a Petition while simultaneously moving for judicial forfeiture, as it is attempting to do here.  This would defeat the legislative intent of the statute, read as a whole.  It also gives at least the appearance of legal gamesmanship.

The brief length of the requested stay further favors granting a stay in this case.  See Smithkline, 2004 WL 1615307, at *9; Hicks, 2012 WL 6152901, at *3; McDonald v. Novartis Pharmaceuticals Corp., Civ. No. 07-655, 2007 WL 4191750, at *3 (D.N.J. Nov. 20, 2007) ("Such a brief stay carries little risk that either party's interests in this case will be seriously harmed …, and whatever minimal inconvenience the parties experience as a result of the stay is, in the Court's mind, clearly acceptable when balanced against the likelihood that the decision of Court of Appeals will resolve a legal issue with potentially dispositive implications for the instant case.").

Taking these factors together, the judicial forfeiture proceedings in this case should be stayed until the Department of Justice resolves Sberbank's Petition.

Finally, the Department of Justice should be directed to resolve the Petition within 30 days.  By filing the Complaint and seeking judicial forfeiture, the United States submitted itself to the jurisdiction of the Court.  And, by seizing funds from Sberbank's interbank accounts, the United States availed itself of the powers conferred under 18 U.S.C. § 981(k)(1)(A).  Under

9

these circumstances, the Court should order the United States to comply with its parallel obligation under Section 981(k)(1)(B), to review and respond to a petition for termination of forfeiture.  See, e.g., United States v. Perez, No. 03-552-01, 2007 WL 2768876, at *4 (E.D. Pa. Sept. 24, 2007) ("[T]he government is ordered to substantively respond to defendant's § 2255 motion."); Gaughen v. United States, No. 09 CV 2488, 2010 WL 3222815106, at *1 (M.D. Pa. Aug. 16, 2010) ("[T]he government is ordered to respond to plaintiff's requests and produce the appropriate documents.").

## CONCLUSION

For the reasons set forth above, the Court should grant Sberbank of Russia's motion to stay proceedings on the Verified Complaint for Forfeiture *In Rem*, filed by the United States on August 27, 2015, until such time as the United States Department of Justice resolves Sberbank's Petition to terminate forfeiture, filed on February 17, 2015.  Correspondingly, the Department of Justice should be ordered to resolve Sberbank's Petition within 30 days.


Dated: December 16, 2015　　　　　WINSTON & STRAWN, LLP
　　　　　　　　　　　　　　　　　*Attorneys for Sberbank of Russia*


　　　　　　　　　　　　　　　　　By: /s/ Melissa Steedle Bogad
　　　　　　　　　　　　　　　　　　　　Melissa Steedle Bogad
　　　　　　　　　　　　　　　　　　　　mbogad@winston.com

**OF COUNSEL**
Gerald L. Shargel
Ross M. Kramer
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700