2015V01677/PWG/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William J. Martini |
| Plaintiff, | : | Civil Action No. 15-6442 (WJM) |
| v. | : | STIPULATION AND ORDER OF SETTLEMENT (SBERBANK OF RUSSIA) |
| $1,879,991.64 PREVIOUSLY CONTAINED IN SBERBANK OF RUSSIA'S INTERBANK OR CORRESPONDENT BANK ACCOUNT NUMBERS 0004403077 AND 0004169401, HELD AT DEUTSCHE BANK TRUST COMPANY AMERICAS, | : | |
| Defendant in rem. | : | |

WHEREAS, on August 27, 2015, the United States filed a Verified Complaint for Forfeiture *In Rem* (the "Complaint") against the following property:

> $1,879,991.64 previously contained in Sberbank of Russia's interbank or correspondent bank account numbers 0004403077 and 0004169401, held at Deutsche Bank Trust Company Americas,

(the "Seized Funds"); and

WHEREAS, On October 15, 2015, Sberbank filed a claim in the above captioned case asserting an ownership interest in and seeking the return of the Seized Funds (the "Claim") (Doc. 4); and

WHEREAS, on or about October 15, 2015, in response to the Complaint, Sberbank filed a claim for all or part of the Seized Funds and asserted in its

response to the United States' motion to strike (Doc. 32) that the United States was only legally entitled to forfeit $808,661.28 on deposit in accounts controlled and/or maintained by Alexander Brazhnikov, Jr. at the time the seizure warrant was served on June 26, 2014, and that Sbebank was entitled to the return of $1,071,330.36 under 18 U.S.C. § 981(k)(4)(B)(ii)(II) because "prior to the. . . seizure. . . of the funds, [it] had discharged all or part of its obligation to the prior owner of the funds"; and

WHEREAS, the Court, on or about January 30, 2017, held that any funds in bank accounts at Sberbank in the Russian Federation connected to Brazhnikov, Jr. or his father (Alexander Brazhnikov, Sr.) at the date of seizure on or about June 26, 2014 are subject to forfeiture, in case Alexander Brazhnikov, Sr. is shown to have conspired with Brazhnikov, Jr. in the Conspiracies; and

WHEREAS, on or about July 11, 2017 the Government produced in discovery documents indicating that Alexander Brazhnikov, Sr. did in fact conspire with Brazhnikov, Jr. in the Conspiracies, including, but not limited to a copy of letter Alexander Brazhnikov, Sr. sent to the court admitting his involvement in the Conspiracies; and

WHEREAS, as to the Seized Funds, no other claims or answers were filed or made in this action, no other parties have appeared to contest the action to date, and the statutory time periods in which to do so have expired; and

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, United States of America, by its attorney, Craig Carpenito, United States

Attorney for the District of New Jersey (Peter W. Gaeta, Assistant United States Attorney, appearing), and Sberbank, as follows:

1. Sberbank consents to the forfeiture of the $1,879,991.64 to the United States.

2. Sberbank's consent to the forfeiture of the Seized Funds shall be in full settlement and satisfaction of all claims by Sberbank to the Seized Funds and all claims arising from and relating to any seizure, detention, and retention of the Seized Funds by the United States and the forfeiture of the Seized Funds in connection with the above-captioned matter. Sberbank understands and agrees that this Stipulation and Order constitutes a full and final settlement of its asserted interest in the Seized Funds and that it waives any rights to litigate further its interest in the Seized Funds and further pursue remission or mitigation of the forfeiture. Sberbank further agrees not to pursue against the United States any other rights or remedies it may have with respect to the Seized Funds.

3. The United States agrees to release Sberbank, remise and forever discharge Sberbank, and its agencies, agents, officers, and employees, past and present, from all claims or causes of action which the United States and its agents, assigns, representatives, and successors ever had, now have, or hereafter may have against Sberbank and its agencies, agents, officers, and employees, past and present, for or on account of the commencement of this action, the settlement of this action, the seizure, detention, and retention of the Seized Funds and the forfeiture of the Seized Funds.

4. Sberbank agrees to release, remise and forever discharge the United States, and its agencies, agents, officers, and employees, past and present, from all claims or causes of action which Sberbank and its heirs, agents, assigns, representatives, and successors ever had, now have, or hereafter may have against the United States and its agencies, agents, officers, and employees, past and present, for or on account of the commencement of this action, the settlement of this action, the seizure, detention, and retention of the Seized Funds and the forfeiture of the Seized Funds.

5. This Stipulation and Order shall in no way be deemed an admission of culpability, liability, or guilt on behalf of Sberbank, or any of its agents, officers, or employees, past and present.

6. Each party shall bear its own costs and attorney's fees. Sberbank further agrees to waive any and all claims for the recovery of attorney's fees and/or interest under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory basis.

7. The individual(s) signing this Stipulation and Order on behalf of Sberbank represent and warrant that they are authorized by Sberbank to execute this Stipulation and Order. The undersigned United States signatory represents that he is signing this Stipulation and Order in his official capacity and that he is authorized to execute this Stipulation and Order.

8. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order.

9. This Stipulation and Order constitutes the entire agreement between the parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by either party or agents of either party, that is not contained in this Stipulation and Order shall be enforceable.

10. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

CRAIG CARPENITO
UNITED STATES ATTORNEY

Dated: 2/27/18    By: _____
PETER W. GAETA
Assistant United States Attorney


SILLS CUMMIS & GROSS P.C.
COUNSEL FOR SBERBANK OF RUSSIA

Dated: 02/27/2018    By: _____
HERVE GOURAIGE, ESQ.

SBERBANK OF RUSSIA

Dated: 02/27/2018    By: _____
Igor Valeryevich Kondrashov
Vice-President – Director of Legal Department

## ORDER

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Stipulation is So Ordered.

ORDERED this 28th day of February, 2018.

_____
HONORABLE WILLIAM J. MARTINI
United States District Judge